## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TIG INSURANCE COMPANY, as successor to RANGER INSURANCE COMPANY, and ASSOCIATED ELECTRIC AND GAS INSURANCE SERVICES LIMITED,<br><br>Plaintiffs,<br><br>- against -<br><br>SWISS REINSURANCE AMERICA CORPORATION F/K/A NORTH AMERICAN REINSURANCE CORPORATION,<br><br>Defendants. | Case No.: 7:21-cv-08975-NSR-JCM<br><br>**CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |

JUDITH C. McCARTHY, U.S.M.J.:

WHEREAS, all of the parties to this action (collectively the "Parties" and individually a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in this action;

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, this Court finds good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action,

IT IS HEREBY ORDERED that any person subject to this Order will adhere to the following terms, upon pain of contempt:

1.     With respect to "Discovery Material" (*i.e.*, information of any kind produced or disclosed in the course of discovery in this action), recipients of Discovery Material may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for

any business, commercial, or competitive purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

2.    With respect to Discovery Material that a party has designated as "Confidential" pursuant to this Order, no person subject to this Order may disclose such Confidential Discovery Material to anyone else except as this Order expressly permits.

3.    The Party or person producing or disclosing Discovery Material ("Producing Party") may designate as Confidential only the portion of such material that it reasonably and in good faith believes consists of:

      a.    previously non-disclosed financial information;

      b.    competitively sensitive information;

      c.    information subject to confidentiality agreements with third parties;

      d.    information protected by or subject to statutory, regulatory or contractual protections, including privacy and cybersecurity regulations;

      e.    previously non-disclosed material relating to ownership or control of any non-public company;

      f.    previously non-disclosed business plans, product-development information, or marketing plans;

      g.    any information of a personal or intimate nature regarding any individual; or

      h.    any other category of information given confidential status by this Court after the date of this Order.

4.      With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility.

5.      A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential either by: (a) indicating on the record during the deposition that a question calls for "Confidential" information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "Confidential," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or its counsel.  During the 30-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated Confidential.

6.      If, at any time before the termination of this action, a Producing Party realizes that it should have designated as Confidential some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by notifying the other Parties in writing.  In addition, the Producing Party shall provide each other Party with replacement versions of such Discovery Material that bears the "Confidential" designation within two business days of providing such notice.  Thereafter, the receiving Parties may disclose such information only as permitted by this Order.

7.      Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

8.      Where a Producing Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons:

a.      the Parties to this action, including employees, officers and directors of the Parties and of their corporate parents and affiliates, provided that such employees, officers and directors be instructed that such information is Confidential pursuant to this Order and may be disclosed only as permitted by this Order;

b.      counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

c.      outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hires and assigns to this matter;

d.      any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

e.      as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

f.      any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action;

g.    any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

h.    stenographers engaged to transcribe depositions the Parties conduct in this action; and

i.    this Court, including any appellate court, its support personnel, and court reporters.

9.    Counsel must retain each signed Non-Disclosure Agreement obtained pursuant to subparagraph 8(g) and produce it to opposing counsel either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

10.    This Order binds the Parties and other persons specified in subparagraphs 8(b), 8(d) and 8(g) to treat as Confidential any Discovery Materials so classified.  The Court has not, however, made any finding regarding the confidentiality of any Discovery Materials, and retains full discretion to determine whether to afford confidential treatment to any Discovery Material designated as Confidential and submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.  All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced into evidence at trial, even if such material has previously been sealed or designated as Confidential.

11.    In filing Highly Confidential Discovery Material (as defined below) with this Court, or filing portions of any pleadings, motions, or other papers that would disclose such Highly Confidential Discovery Material, the Parties shall redact and/or seek sealing of such materials

pursuant to E-Government Act of 2002 and the Southern District's ECF Rules & Instructions, Section 21, Privacy and Public Access to ECF Cases ("ECF Privacy Policy"). The parties acknowledge that the Court will unseal documents if it is unable to make "specific, on the record findings . . . demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006). "Highly Confidential" Discovery Material shall include the Confidential Settlement Agreement that resolved the litigation captioned as Duke Energy Carolinas, LLC et al. v. AG Insurance SA/NV et al., No. 17 CVS 5594 (N.C. Super. Ct.) (the "Coverage Litigation"), and that Discovery Material which is "Confidential" pursuant to the terms of the Stipulated Protective Order entered in the Coverage Litigation.

12.     Any Party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with Local Civil Rule 37.2 and paragraph 3 of this Court's Individual Practices.

13.     Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time before the trial of this action serve upon counsel for the recipient Parties a written notice stating with particularity the grounds of the request. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with Local Civil Rule 37.2 and paragraph 3 of this Court's Individual Practices.

14.     Nothing in this Order will prevent any person subject to this Order from producing any Discovery Material, including Discovery Material designated as Confidential, in its possession

in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such person gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure.  Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

15.     Each person who has access to Discovery Material designated as Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

16.     This Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Discovery Material is produced or disclosed.

17.     This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

SAUL EWING LLP                          CHAFFETZ LINDSEY LLP
*Attorneys for Plaintiffs*                 *Attorneys for Defendant*


 */s/ Amy S. Kline*                          */s/ Steven C. Schwartz*
Paul M. Hummer                          Steven C. Schwartz
Amy S. Kline                            Alex Walsdorf
1500 Market Street                      1700 Broadway
Centre Square West, 38th Floor          33rd Floor
Philadelphia, PA 19102                  New York, NY 10019
(215) 972-7777                          (212) 257-6940
Paul.Hummer@saul.com                    s.schwartz@chaffetzlindsey.com
Amy.Kline@saul.com                      a.walsdorf@chaffetzlindsey.com


                                        Dated: September 12, 2023

John A. Basinger
Stephanie L. Denker
1270 Avenue of the Americas, Suite 2800
New York, New York 10020
John.Basinger@saul.com
Stephanie.Denker@saul.com
(212) 980-7200

Mary A. Lopatto
WILLIAMS LOPATTO PLLC
1629 K Street NW, Suite 300
Washington D.C. 20006
(202) 296-1661
malopatto@williamslopatto.com

Dated:  September 12, 2023

**SO ORDERED.**

Dated: _____9/18/2023_____

_____
JUDITH C. McCARTHY, U.S.M.J.

Exhibit A

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

TIG INSURANCE COMPANY, as successor
to RANGER INSURANCE COMPANY, and
ASSOCIATED ELECTRIC AND GAS
INSURANCE SERVICES LIMITED,

                     Plaintiffs,

     - against -

SWISS REINSURANCE AMERICA
CORPORATION F/K/A NORTH AMERICAN
REINSURANCE CORPORATION,

                  Defendants.

Case No.: 7:21-cv-08975-NSR

**NON-DISCLOSURE
AGREEMENT**

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential.  I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the Party or attorney from whom I received it.  By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

_____
Name:
Date: