



Amy S. Kline
Phone: (215) 972-8567
Fax: (215) 972-7725
Amy.Kline@saul.com
www.saul.com

February 15, 2024

**via CM/ECF**

Honorable Nelson S. Román
United States District Judge
Hon. Charles L. Brieant Jr. Federal Building
   and United States Courthouse
300 Quarropas Street
White Plains, NY 10601

      RE:    TIG Insurance Company et al. v. Swiss Reinsurance America Corporation
             Case Number:  7:21-cv-08975-NSR
             <u>Request to File Under Seal the Amount At Issue</u>

Dear Judge Román:

      We represent Plaintiffs, TIG Insurance Company, as successor to Ranger Insurance Company ("Ranger"), and Associated Electric and Gas Insurance Services Limited ("AEGIS," and collectively with Ranger, "Plaintiffs"), in the above-referenced matter.  We submit this letter motion seeking leave to file under seal a one-paragraph statement advising the Court of the amount at issue in this lawsuit.  As detailed below, there is good cause for this relief.

    **A.  <u>RELEVANT FACTS</u>**

      This is an action for breach of contract alleging that Defendant, which reinsures 100% of the liability arising from six policies of insurance issued by Ranger, owes, but has not paid, its share of a confidential settlement of an underlying coverage lawsuit.  The terms and total amount of the settlement are not in dispute, and not material to resolving the substantive merits of the claims and defenses asserted in this action.

      The subject settlement agreement entered into by the parties to the underlying coverage lawsuit contains a confidentiality provision which states, in relevant part:

> **This Agreement and its terms are confidential**. Except as set forth below in this section XX, the Parties shall not disclose to a non-Party (other than the mediator) this Agreement, including but not limited to its terms, or any communications or exchanges of information between the Parties or their representatives that constitute the negotiations leading up to the entry into this Agreement."  Two of those exceptions include disclosing "the existence (as opposed to the

"MEMO ENDORSED" (stamp on left margin)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __3/06/2024__

Centre Square West ♦ 1500 Market Street, 38th Floor ♦ Philadelphia, PA 19102-2186
Phone: (215) 972-7777 ♦ Fax: (215) 972-7725

DELAWARE  FLORIDA  ILLINOIS  MARYLAND  MASSACHUSETTS  MINNESOTA  NEW JERSEY  NEW YORK  PENNSYLVANIA  WASHINGTON, DC
A DELAWARE LIMITED LIABILITY PARTNERSHIP

February 15, 2024
Page 2

> terms) of the" settlement agreement, and disclosing the settlement agreement "and its terms on a **confidential basis** to its reinsurers or cedents, reinsurance arbitrators, and the reinsurers may disclose this Agreement and its terms on a confidential basis to their retrocessionaires, all in their capacities as reinsurers, cedents, or retrocessionaires of the Policies, including the lawyers and auditors of such companies that have a business need to know such information. Settling Insurers also may disclose this Agreement and its terms on a confidential basis to the tribunal of any proceeding involving such companies.

(emphasis added). Plaintiffs are parties to the settlement agreement.

### B. ARGUMENT

On the same date as this letter motion, Plaintiffs are serving their Motion for Summary Judgment ("Motion"). The Motion neither attaches the settlement agreement nor includes the dollar amount of the settlement. The settlement amount is not in dispute, it does not affect the merits of the arguments made in Plaintiffs' Motion, and the Court's ruling will not turn on this information. Plaintiffs seek permission to file under seal a one-paragraph statement advising the Court of the amount at issue in this action – *i.e.* the settlement amount of the underlying coverage lawsuit and the amount being sought from Defendant in this action – to provide the Court with a complete picture of the case.

Neither the common law right of access nor the First Amendment leads to a finding that this information needs to be filed unredacted. Before the common law right of access can attach, "a court must first conclude that the documents at issue are indeed judicial documents." Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119 (2d Cir. 2006). "[T]he mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access." Id. Instead, the document "must be relevant to the performance of the judicial function and useful in the judicial process." Id. Upon finding a document is a judicial document, the common law "presumption of access" attaches. Id. The court must then "determine the weight of that presumption," which is "governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." Id. "Generally, the information will fall somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to ensure their irrelevance. Id. After deciding the weight of the presumption, "the court must balance competing considerations against it", such factors include "the privacy interests of those resisting disclosure." Id. at 120.

In addition, "the public and the press have a qualified First Amendment right to . . . access certain judicial documents." Id. There are two approaches to determining whether this right applies. The "'experience and logic' approach requires the court to consider both whether the documents have historically been open to the press and general public and whether public access plays a significant positive role in the functioning of the particular process in question." Id. The other approach "considers the extent to which the judicial documents are derived from or are a necessary corollary of the capacity to attend the relevant proceedings." Id. Even if such a qualified

February 15, 2024
Page 3

First Amendment right is found, the document "may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest. Id.

Here, the settlement of the underlying coverage lawsuit is set forth in a settlement agreement that was entered into on a confidential basis between the parties to that lawsuit. The settlement agreement itself is not a part of this Court's record, and therefore is not a judicial document subject to the right of public access. See Gambale v. Deutsche Bank AG, 377 F.3d 133, 143 (2d Cir. 2004) ("[T]here may well be valid reasons in this and other cases terminated by settlement for maintaining the amount of settlement in confidence when the settlement itself was conditioned on confidentiality and when the settlement documents were not filed with the court and were not the basis for the court's adjudication. If nothing else, honoring the parties' express wish for confidentiality may facilitate settlement, which courts are bound to encourage.").

Likewise, the proposed one-paragraph statement will only become a part of this Court's record if the instant motion is granted. In such circumstances, the weight of the presumption of public access is weak. The actual dollar amount of the settlement has no impact on the issues to be decided in this lawsuit, which are (1) whether Defendant breached the subject reinsurance agreements by failing to pay its share of the settlement of the underlying coverage lawsuit and (2) if so, what percentage of the settlement Defendant is obligated to pay. There is no dispute about the settlement amount itself, and the issues raised in Plaintiffs' Motion do not turn on the amount. As such, the information to be contained in the one-paragraph statement will not directly affect the Court's adjudication of the Motion. Because the presumption of public access to the proposed statement is weak, Plaintiffs respectfully suggest that the reasons for maintaining confidentiality overcome that presumption.

Further, there is no qualified First Amendment right here. Confidential settlement agreements are not generally open to the press and general public. Plaintiffs' request is also narrowly tailored because they only seek to file a one-paragraph statement that includes the settlement amount of the underlying coverage lawsuit and the amount being sought from Defendant in this action.

Accordingly, Plaintiffs respectfully request that the Court grant them permission to file under seal a one-paragraph statement advising the Court of the amount at issue in this lawsuit because the presumption of public access (to the extent it even attaches) is not substantial and is outweighed by the parties' privacy interests and the Court's interest in promoting settlements.

Respectfully submitted,

Amy S. Kline

cc: All Counsel of Record (via ECF)

**Plaintiffs' request is GRANTED. Plaintiffs are directed to file their one-paragraph statement as a separate document--partial sealing of documents is not possible. Plaintiffs are further directed to file the statement such that it is accessible only to the Court and the parties to the case. The Clerk of Court is respectfully directed terminate the motion at ECF No. 62.**
**Dated: March 6, 2024**
**   White Plains, NY**

SO ORDERED:

HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE