# CHAFFETZ LINDSEY LLP

1700 BROADWAY, 33RD FLOOR, NEW YORK, NY 10019
MAIN: +1 212 257 6960 | FAX: +1 212 257 6950

STEVEN C. SCHWARTZ, PARTNER
DIRECT: +1 212 257 6940
S.SCHWARTZ@CHAFFETZLINDSEY.COM

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __4/03/2024__

April 2, 2024

Via ECF

Honorable Nelson S. Román
United States District Judge
Hon. Charles L. Brieant Jr. Federal Building
 and United States Courthouse
300 Quarropas Street
White Plains, NY 10601

**MEMO ENDORSED**

Re:   *TIG Insurance Company, et al., v. Swiss Reinsurance America Corp.*
      Case No.: 7:21-cv-08975

Dear Judge Román:

Defendant Swiss Reinsurance America Corporation ("SRA") respectfully requests that the Court strike Plaintiffs' Response to SRA's Statement of Additional Material Facts (ECF No. 110, 111 (sealed))—a reply that was not authorized by Local Rule 56.1 or otherwise.  In the alternative, SRA asks that the Court disregard Plaintiffs' improper reply.

**Background**

Pursuant to a briefing schedule set by the Court (ECF No. 61), SRA and Plaintiffs have now fully briefed and filed cross motions for summary judgment.  As required by Local Rule 56.1, both sides submitted their own Statements of Undisputed Material Facts (ECF Nos. 89, 91), as well as responses to their opponents' Rule 56.1 Statements (ECF No. 94, 100).  Both parties' responses included, as contemplated by Local Rule 56.1, statements of "additional material facts as to which" the parties contended that there were "genuine issue[s] to be tried."

With their reply brief, however, Plaintiffs also filed a purported "Response to SRA's Statement of Additional Material Facts."  Such a filing—more accurately termed a Reply Rule 56.1 Statement—was not authorized.

**Argument**

Plaintiffs' submission is improper and should not be considered.  Neither Local Rule 56.1 nor Your Honor's individual rules of practice allowed Plaintiffs to file a third Rule 56.1 submission.  Nor did Plaintiffs seek the Court's permission for such a reply, much less request SRA's consent.

> Upon consideration, Defendant's request is GRANTED. Plaintiff's Response to Def.'s Statement of Additional Material Facts, located at ECF Nos. 110 and 111, are hereby STRICKEN for filing without leave. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 114.
> Dated: April 3, 2024
>          White Plains, NY
>
> SO ORDERED:
> HON. NELSON S. ROMÁN
> UNITED STATES DISTRICT JUDGE

Moreover, Plaintiffs should have known that their reply was unauthorized. "Courts in this District have concluded that a reply Rule 56.1 statement constitutes 'a procedurally improper attempt to have the last word in a manner that is not contemplated by the local rules.'" *Mayagüez S.A. v. Citibank, N.A.*, 2022 WL 901627, at *9 (S.D.N.Y. Mar. 25, 2022) (citation omitted). As the *Mayagüez* court explained, the plaintiff there "not only had a chance to file its own Rule 56.1 statement but also had an opportunity to respond to Defendants' [Local Rule] 56.1 Statement." *Id.* at *10. "A 'reply thus gives [Plaintiff] a third shot at commenting on the facts in this case.'" *Id.* (citation omitted). *See also Hong v. Mommy's Jamaican Mkt. Corp.*, 2023 WL 6122904, at *4 and n. 3 (S.D.N.Y. Sept. 19, 2023) (56.1 reply was "not properly before the Court" where "Plaintiff did not seek leave to submit such a reply and did not give the Court an opportunity to fashion a fair process").

It is true that a few courts have exercised their discretion to permit replies to Rule 56.1 responses. *See, e.g.*, *Comfortex Co. v. XCEL Brands, Inc.*, 2024 WL 1255535, at *1 n. 3 (S.D.N.Y. Mar. 25, 2024) (declining to consider Reply 56.1 Statement "except to the extent it responded to . . . new facts"). These courts recognize, however, that Local Rule 56.1 does not provide for a reply. *Id.*

Here, there is no justification for a reply. For one thing, Plaintiffs' reply addresses issues of fact concerning AEGIS's allocation of 57% of its settlement payment to SRA. Plaintiffs chose not to address these facts in their opening Rule 56.1 Statement—perhaps so that SRA would not have a chance to respond. To permit Plaintiffs to address these facts for the first time in an unauthorized Rule 56.1 reply would prejudice SRA.

In addition, Plaintiffs' submission is an evasion of this Court's strict page limits for replies. The submission comprises 16 pages of argument. Such arguments should have been made in Plaintiffs' reply brief—subject to the Court's 10-page limit.

SRA therefore respectfully requests that the Court strike Plaintiffs' Response to SRA's Statement of Additional Material Facts (ECF Nos. 110, 111 (sealed)). In the alternative SRA asks that the Court disregard Plaintiffs' improper and unauthorized submission.

Respectfully,

/s/ Steven C. Schwartz

Steven C. Schwartz

cc: All counsel of record (via ECF)