USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/17/2026

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| TIG INSURANCE COMPANY, as successor to RANGER INSURANCE COMPANY, and ASSOCIATED ELECTRIC AND GAS INSURANCE SERVICES LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>SWISS REINSURANCE AMERICA CORPORATION F/K/A NORTH AMERICAN REINSURANCE CORPORATION,<br><br>Defendant. | Case No.: 7:21-cv-08975-NSR-JCM<br><br>Upon hearing oral argument, the Court rules on Plaintiff's motion to strike portions of the testimony and affidavits of Defendant's witnesses Martin Tang and Alex Schneeberger. The motion is DENIED. In the context of this bench trial, the Court has discretion to consider the challenged testimony and affidavits and will determine what weight, if any, to afford such evidence in resolving the issues before it. The Clerk of Court is kindly directed to terminate the motion at ECF No. 139.<br>Dated: February 17, 2026<br>White Plains, New York<br><br>SO ORDERED:<br><br>NELSON S. ROMÁN<br>United States District Judge |

**PLAINTIFFS' MOTION TO STRIKE TESTIMONY**
**REGARDING THE UNDISCLOSED INTENT OF A**
**THIRD PARTY TO INTERPRET THE CERTIFICATES**

Plaintiffs TIG Insurance Company ("TIG"), as successor to Ranger Insurance Company and Associated Electric and Gas Insurance Services Limited (collectively "Plaintiffs") respectfully submit this Memorandum of Law in Support of the Oral Motion to Strike Testimony Regarding the Undisclosed Intent of a Third Party to Interpret the Certificates between TIG and North American Reinsurance, now known as Swiss Re.[1]

Alexander Schneeberger and Martin Tang, former employees of Swiss Re Corporation/European General, testified regarding the purported intent and meaning of the Certificates. That testimony is set forth in Exhibit A to this Motion. Mr. Schneeberger and Mr.

MEMO ENDORSED

---

[1]    The Certificates are defined collectively as Plaintiffs' Trial Exhibits 120, 121, 139, 142, 148 and 151 (all admitted into evidence).

Tang testified that they did not share their understanding of the meaning or intent of the Certificates with Swiss Re or with TIG.  [Trial Tr. at 884:13-885:10 (Tang); *id.* at 890:12-890:14 (Tang); *id.* at 890:15-890:19 (Tang); *id.* at 773:22 (Schneeberger); *id.* at 773:24-774:9 (Schneeberger); *id.* at 777:9-777:12 (Schneeberger); *id.* at 778:10-778:16 (Schneeberger)].

As recognized by the Southern District of New York, "it is hornbook law that the uncommunicated subjective intent of a party is irrelevant in interpreting a contract." *First Montauk Secs. Corp. v. Menter*, 26 F. Supp. 2d 688, 689 (S.D.N.Y. 1998) (citing *Nycal Corp. v. Inoco PLC*, 988 F. Supp. 296, 302 (S.D.N.Y. 1997)).  In *First Montauk*, the plaintiff contended that, contrary to the language of the contract at issue, it was not subject to arbitration.  The court rejected the argument holding that the fact that the plaintiff had something other than the agreement's language in mind was "of no consequence." *First Montauk*, 26 F. Supp. 2d at 689.

Likewise, in *Nycal*, the court specifically addressed whether evidence of uncommunicated subjective intent is admissible.  The court recognized that under New York law, the intent of the parties is determined by "examining the objective manifestations of the parties' intentions." *Nycal*, 988 F. Supp. at 301; *see Hotchkiss v. Nat'l City Bank of N.Y.*, 200 F. 287, 293 (S.D.N.Y. 1922) ("[A] contract has, strictly speaking, nothing to do with the personal, or individual, intent of the parties. A contract is an obligation attached by the mere force of law to certain acts of the parties, usually words, which ordinarily accompany and represent a known intent.").  The court noted that the "exclusive reliance upon evidence of objective manifestations of intent renders evidence of uncommunicated subjective intent irrelevant." *Nycal*, 988 F. Supp. at 301; *see, e.g. Sally v. Sally*, 638 N.Y.S.2d 832, 818 (N.Y. App. Div. 1996) (evidence of parties' uncommunicated subjective understanding of ambiguous language in contract is irrelevant); *Padovano v. Vivian*, 629 N.Y.S.2d

2

844, 846 (N.Y. App. Div. 1995) (even if phrase "good working order" were ambiguous, "extrinsic evidence of the parties uncommunicated subjective intent would be irrelevant").

The uncommunicated subjective intent of Mr. Schneeberger and Mr. Tang is not relevant to understanding the language of the Certificates.  This is particularly so in light of the fact that they were employed by Swiss Re Corporation/European General which is not even a party to the Certificates.  Plaintiffs, therefore, respectfully request that the testimony set forth in Exhibit A to this Motion be stricken.

Dated: White Plains, New York
February 12, 2026

Respectfully Submitted,

By: _____
Amy S. Kline (*pro hac vice*)
SAUL EWING LLP
1735 Market Street, 34th Floor
Philadelphia, PA 19103
(215) 972-7777
Amy.Kline@saul.com

Stephanie L. Denker
SAUL EWING LLP
1270 Avenue of the Americas
Suite 2800
New York, NY 10020
P: (212) 980-7200
F: (212) 980-7209
Stephanie.Denker@saul.com

Blaine R. Feinauer (*pro hac vice*)
SAUL EWING LLP
1200 Liberty Ridge Drive
Suite 200
Wayne, PA 19087
P: (610) 251-5776
Blaine.Feinauer@saul.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on February 12, 2026, the foregoing Plaintiffs' Motion to Strike Testimony Regarding the Undisclosed Intent of A Third Party To Interpret the Certificates was served on Defendant through electronic mail as follows:

Steven Schwartz, Esq.
Cecilia Moss, Esq.
Alicia Yeo, Esq.
CHAFFETZ LINDSEY LLP
1700 Broadway, 33rd Floor
New York, NY 10019
s.schwartz@chaffetzlindsey.com
c.moss@chaffetzlindsey.com
a.yeo@chaffetzlindsey.com
*Attorneys for Defendant*

Amy S. Kline